## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

JAMES RYAN RODGERS,　　　　　　*
ADC #166943,　　　　　　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　　　Plaintiff,　　*
　　　　　　　　　　　　　　　　*
v.　　　　　　　　　　　　　　　*　　　No. 4:17cv00469-SWW-JJV
　　　　　　　　　　　　　　　　*
DERRICK, Judge, White County,　*
Arkansas; *et al.*　　　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　　　Defendants.　 *

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District

Judge Susan Webber Wright.  Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than fourteen (14) days from the date of the findings and recommendations.  The copy will

be furnished to the opposing party.  Failure to file timely objections may result in waiver

of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the District Judge, you

must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in

the form of an offer of proof, and a copy, or the original, of any documentary or other non-

testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an

additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

## I.      INTRODUCTION

James Ryan Rodgers ("Plaintiff") currently confined in the Washington County

Jail,[1] filed this action *pro se* pursuant to 42 U.S.C. § 1983.  (Doc. No. 1.)  Plaintiff alleges

that Defendants violated his constitutional rights by subjecting him to double jeopardy and

harassment in connection with a 2011 state-court fictitious tags case against him.  (*Id*., at

4-12.)  After carefully reviewing Plaintiff's Complaint, I find that he failed to state a claim

upon which relief may be granted and recommend that his Complaint be dismissed without

prejudice.

---

[1] It appears that Plaintiff is currently in custody at the Washington County Jail in connection with
a parole violation that is not related to any claims in this case.  (Doc. No. 1 at 3, 9).

## II.    SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id*.  But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.   PLAINTIFF'S COMPLAINT

Plaintiff's Complaint is difficult to follow and I have endeavored to precisely capture all of his claims. Mr. Rodgers alleges that Defendants subjected him to double jeopardy and harassment, all in violation of his constitutional rights.  (Doc. No. 1 at 4-12.)

Plaintiff says he served nine days at the White County Detention Center in connection with a 2011 fictitious tags case, was credited $40 per day of incarceration, and that should have satisfied his sentence of a $75 fine and $150 court costs.  (*Id*. at 4.)  Instead, Plaintiff says, he continued to accrue fines and is now told he owes $2,000 in that same case.  (*Id*. at 6, 8-9.)  As to harassment, Mr. Rodgers says Defendants are "[t]elling me for 7 years I am going to pay them in full fines [and] court costs."  (*Id*. at 6.)  Plaintiff requests that his fictitious tags case be dropped and seeks $25,000 in damages.  (*Id*. at 7.)

## IV.    ANALYSIS

The Double Jeopardy Clause provides that no person "shall be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  As explained by the United States Supreme Court, the Double Jeopardy Clause

> …protects against a second prosecution for the same offense after acquittal.
> It protects against a second prosecution for the same offense after conviction.
> And it protects against multiple punishments for the same offense.

*North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).  With respect to multiple punishments, the Double Jeopardy Clause "protects only against the imposition of criminal punishment for the same offense . . . and then only when such occurs in successive proceedings."  *Id*. (internal citations omitted).

### A.    Defendants Derrick, Froman, and Pate

Plaintiff appears to allege that Judges Derrick, Froman, and Pate unlawfully continue to order fines and court costs in connection with his 2011 fictitious tags case.  But judges are immune from suit for money damages unless their actions were non-judicial or taken in the absence of all jurisdiction.  *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Ward*

*v. City of Norwalk*, 640 Fed. Appx. 462, 464-65 (6th Cir. 2016).  Here, Plaintiff does not indicate that Judge Derrick, Judge Froman, or Judge Pate took non-judicial action against him or acted in the absence of jurisdiction.  Plaintiff's allegations are insufficient to overcome judicial immunity and, accordingly, his claims against these Defendants should be dismissed.

### B.      Defendant Doe

Plaintiff's claims against Prosecutor Doe should also be dismissed.  Prosecuting attorneys are immune from suit for damages.  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  This immunity extends to all acts "intimately associated with the judicial phase of the criminal process," including initiating a prosecution.  *Id*.  It appears that Plaintiff's complaint against the prosecuting attorney is that he or she rejected his request to drop the fictitious tags case against him.  (Doc. No. 1 at 11.)  Such a decision is in connection with prosecutorial duties, and immunity would apply.  Accordingly, the claim should be dismissed.

### C.      Defendants Baldwin, Ramsey, Simms, and Slayton

Plaintiff mentions Mayor Slayton, City Hall Clerks Baldwin and Ramsey, and Chief Simms in his Complaint, but he fails to state a claim against them on which relief may be granted.  Plaintiff complains that he asked Defendant Ramsey, whom Plaintiff identifies as a clerk at the Pangburn City Municipal Court, to drop the fictitious tags case.  (Doc. No. 1, at 10.)  As to Defendant Baldwin, also identified as a clerk at the Municipal Court, Plaintiff alleges only that she "has double jeopardy case of 7 years harassment."  (*Id*., at 11.)  Plaintiff complains that Mayor Slayton, Chief Simms, and Ramsey have "reject[ed] [his]

wishes" to drop his 2011 fictitious tags case based on the time he served in the White County Detention Center. (*Id*.)

Plaintiff's allegations are simply insufficient to support a constitutional claim against these Defendants. Plaintiff does not provide any information showing a second prosecution for fictitious tags after acquittal or conviction. Rather, Plaintiff's claims are all in connection with one proceeding against him – a 2011 fictitious tags case – and Plaintiff does not allege multiple punishments in successive actions. Instead, it appears that any dispute regarding the punishment imposed is a dispute as to whether Plaintiff satisfied the original sentence against him. Accordingly, I do not interpret Plaintiff's allegations to fall under the Double Jeopardy Clause. So Plaintiff's bare allegations against Defendants Baldwin, Ramsey, Simms, and Slayton are insufficient to state a claim that is plausible on its face. As to the harassment that Plaintiff described as "[t]elling me for 7 years I am going to pay them in full fines [and] court costs" (*Id*. at 6), his allegations do not rise to the level of a violation of a federally protected right.

I am concerned that Plaintiff's claims – if true – could mean he is being overcharged for fines for which he has already paid. But his Complaint fails to provide sufficient facts to support a viable constitutional claim against these defendants. If Plaintiff has additional facts to support his allegations, he should provide those in his objection to this Recommended Disposition. Accordingly, I recommend that the Complaint be dismissed without prejudice.

## V. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 22nd day of September, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides as follows:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."